UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,             :
                                      :
                                      :
                                      :          **OPINION**
                                      :          07 Cr. 187
              v.                      :
                                      :
EDWARD BARNES,                        :
                                      :
              Defendant.              :
-----------------------------------------------------------x

Appearances

*United States of America*
Todd Blanche
U.S. Attorney's Office
One St. Andrew's Plaza
New York, NY 10007

*Defendant*
Peter Nicholas Tsapatsaris
Federal Defenders of New York Inc.
52 Duane Street
10th Floor
New York, NY 10007

SAND, J.,

Before the Court is Defendant, Edward Barnes's, Motion to Dismiss the Indictment, wherein Defendant asserts that his due process rights under the Fifth Amendment of the United States Constitution were violated when he was arrested for knowingly failing to update his registration as a sex offender after traveling in interstate commerce as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16913 and 18 U.S.C. § 2250.[1]

---

[1] SORNA's registration requirements are set forth in 42 U.S.C. § 16913 which requires:
> (a) In general.  A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
> (b) Initial registration.  The sex offender shall initially register--
>> (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
>> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
> (c) Keeping the registration current.  A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.
> (d) Initial registration of sex offenders unable to comply with subsection (b).  The Attorney General shall have the authority to specify the applicability of the requirements of this title to sex offenders convicted before the enactment of this Act [enacted July 27, 2006] or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b).
> (e) State penalty for failure to comply.  Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this title.

SORNA's criminal provision contained in 18 U.S.C. § 2250 states:
> (a) In general. Whoever—
>> (1) is required to register under the Sex Offender Registration and Notification Act;
>> (2)
>>> (A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice [10 USCS §§ 801 et seq.]), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>>> (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
> shall be fined under this title or imprisoned not more than 10 years, or both.

2

SORNA is a comprehensive legislative scheme enacted by Congress on July 27, 2006, that seeks to create a uniform national sex offender registry by requiring states to comply with certain guidelines in their requirements for sex offender registration.

Defendant was convicted in New York in 2000 for the sexual molestation of a minor and later registered as a sex offender in New York in 2001 upon his release from jail. Defendant allegedly moved to New Jersey in 2005 without informing the requisite authorities in either state.[2] The one count superseding indictment filed on June 25, 2007, charges that:

> From in or about January 2007, up to and including February 28, 2007, in the Southern District of New York and elsewhere, Edward Barnes, the defendant, an individual required to register under [SORNA], did travel in interstate commerce and unlawfully, willfully, and knowingly did fail to update a registration as required by [SORNA], to wit, the defendant moved from the Bronx, New York to New Jersey, without updating his information with New York's sex offender database, or registering in New Jersey, as required by law.

(See Superseding Indictment.)

42 U.S.C. § 16913(c) provides a three day window after changing residence for updating the registry. It is impossible for Defendant to comply with a literal reading of § 16913(c) because his three day window to update registration expired three days after he moved to New Jersey in 2005, well before SORNA was passed.

42 U.S.C. § 16913(b) provides guideline for the initial registration of those sex offenders presently incarcerated for their underlying sex crimes, or those sex offenders who receive noncustodial sentences. 42 U.S.C. § 16913(b)(1)-(2). Defendant may have complied with a strict reading of § 16913(b) because he registered as a sex offender upon his release from prison in 2001, though the Court lacks sufficient information to make

---

[2] Both New York and New Jersey require a sex offender to notify the local registry within ten days after relocating. N.Y. Correct. Law § 168-f; N.J. Stat. Ann. § 2C:7-2(d).

3

such a finding. It is clear however that Defendant falls under the scope of § 16913(d) as he was convicted prior to SORNA's passage.

42 U.S.C. § 16913(d) attempts to deal with the problems raised by the initial registration of sex offenders who, like Defendant, were convicted prior to the passage of SORNA. Section 16913(d) gives the Attorney General the "the authority to specify the applicability of" SORNA's registration requirements to those "sex offenders convicted before the enactment of this Act" and "to prescribe rules for the registration of any such sex offenders." Rather than prescribing a complete set of final rules dealing with the mechanics of registration, on February 28, 2007, Attorney General Alberto Gonzalez promulgated the only interim rule heretofore issued, which deals only with the retroactive application of SORNA. The interim rule specifies that: "The requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3. Explaining the rulemaking, the Attorney General stated:

> The current rulemaking serves the narrower, immediately necessary purpose of foreclosing any dispute as to whether SORNA is applicable where the conviction for the predicate sex offense occurred prior to the enactment of SORNA. This issue is of fundamental importance to the initial operation of SORNA, and to its practical scope for many years, since it determines the applicability of SORNA's requirements to virtually the entire existing sex offender population.

72 Fed. Reg. 8894-01 (Feb. 28, 2007). The interim rule makes "it indisputably clear that SORNA applies to all sex offenders (as the Act defines that term) regardless of when they were convicted." Id. Thus the government contends that SORNA is applicable to Defendant at least from the date the Attorney General made clear that it would apply

4

retroactively to those sex offenders convicted of sex offenses prior to SORNA's passage in 2006.

Defendant argues that it was not clear until February 28, 2007 that he needed to register under SORNA and that being arrested on that date violates his due process rights because he was not given any opportunity to comply with the registration requirements.[3]

The government points to two district court decisions that hold § 16913(d)'s delegation of authority does not govern sex offenders who, like Defendant, were able to register under the laws of their current state of residence and who were not incarcerated during SORNA's passage. United States v. Templeton, 2007 WL 445481 at *4 (W.D. Okla. 2007); United States v. Hinen, --- F. Supp. 2d ---, 2007 WL 1447853 at *2, (W.D.Va. 2007) ("The delegation provision of the statute refers to persons who, prior to the enactment of SORNA's revised standards, were not required to register by their state's registration law.")  These courts find § 16913(b) applicable and do not examine § 16913(d)'s directive to the Attorney General to promulgate rules for sex offenders convicted prior to SORNA's passage. Hinen, 2007 WL 1447853 at *2.

The defendant in Templeton, was convicted of a sex offense in Arizona and pursuant to state law was required to register there prior to leaving the state. He was not required to register in his new state, Oklahoma. Templeton, 2007 WL 445481 at *4. The district court found that his indictment on December 6, 2006, nearly three months prior to the interim rule, was valid under § 16913(b) because the language "clearly indicates that

---

[3] Other courts faced with due process challenges to SORNA have not encountered this specific due process clause argument.  The common due process argument posits that having to register as a sex offender without a hearing to determine whether it is appropriate for the specific individual sex offender to have to register violates that sex offender's due process rights. See, e.g., Templeton, 2007 WL 445481 at *4. These types of due process claims are clearly foreclosed by the United States Supreme Court ruling in Conn. Dept. of Pub. Safety v. Doe., 538 U.S. 1, 4-8 (2003) (it is not a due process violation when a sex offender is required to register without a hearing to determine his or her level of dangerousness).

5

this subsection [§ 16913(d)] only applies to individuals who were unable to initially register as a sex offender."[4]  Templeton, 2007 WL 445481 at *4.

This Court disagrees with the Templeton court's reading of § 16913(b), which interprets the subsection to include any sex offender required under state law to register at any time prior to entering a new state and thus makes SORNA applicable regardless of its effective date.  Templeton does not address the issue of the sex offender's attempts to comply with the provision of SORNA requiring the sex offender to maintain his registration current.

Ending the inquiry as to whether SORNA was violated at due to an alleged later failure to keep the registration current based on a finding that Defendant Barnes falls under § 16913(b) because he was already required to register under state law (which he did) implies that the standards for registration are the same, the government's contention the Court now addresses.

The government contends that SORNA is essentially an empty vessel that does nothing to alter the state laws of registration.  Because Defendant knew he had to register under then-existing state law as a sex offender when he moved, he was therefore on notice that he would have to register under SORNA, because SORNA, the government asserts, adds nothing to the existing state requirement.

The Court rejects this position.  While it is true that defendant was required to register under both New York and New Jersey state law, he was given ten days to do so; failure to do so being a misdemeanor for the first time offender.[5]  SORNA makes it a

---

[4] Hinen was indicted on March 6, 2007, after the interim rule was announced.  Hinen, 2007 WL 1447853 at *1.
[5] The government does not contend that Defendant would be subject to more punitive state law penalties as a repeat offender.

6

felony to move to another state and fail to register. The penalty for failing to register is entirely changed from a misdemeanor. SORNA imposes a far greater potential for jail time. Having notice under a state law which provides for the dramatically lesser penalty of a misdemeanor is not the same as having notice of a federal law which provides for up to ten years of incarceration.

It is true that Defendant could have registered in New Jersey and in New York as soon as he moved in 2005; had he done so within three days he presumably would not have violated § 16913(c)'s requirements. Had Defendant registered within the four to ten day period allowed under with state law, he would not have complied with a literal reading of subsection (c). In fact it is impossible for any sex offender who moved before SORNA was enacted (and who did not fortuitously register within three days of moving) to comply with a literal reading of (c) after SORNA was retroactively applied to them by the Attorney General.

In addition to delegating to the Attorney General the power to determine which sex offenders will be retroactively covered by SORNA, § 16913(d) also mandates that the Attorney General "prescribe rules for the registration of any such sex offenders" to whom SORNA is retroactively applied. 42 U.S.C. § 16913(d). The Attorney General has not yet promulgated any rule specifying a time period for registration upon arrival in a new state for sex offenders such as Defendant who were convicted and moved prior to SORNA's passage. To resolve this case, however, the Court need not decide how much time a sex offender who was convicted and moved prior to SORNA's enactment has to register in the absence of a rule or further guidance from the Attorney General. It is

enough to hold that arrest on the same day as the promulgation of interim rule making SORNA retroactively applicable is a due process violation.

The government is correct that the Attorney General's interim rule makes clear that Defendant is subject to SORNA's requirements. The interim rule provides two examples of situations where SORNA would apply after the clarification provided by the Attorney General in a section titled "Applicability of [SORNA]":

> Example 2. A sex offender is convicted by a state jurisdiction in 1997 for molesting a child and is released following imprisonment in 2000. The sex offender initially registers as required, but disappears after a couple of years and does not register in any other jurisdiction. Following the enactment of [SORNA], the sex offender is found to be living in another state and is arrested there. The sex offender has violated the requirement under [SORNA] to register in each state in which he resides, and could be held criminally liable under 18 U.S.C. § 2250 for the violation because he traveled in interstate commerce.

72 Fed. Reg. 8894-01 (Feb. 28, 2007); 28 C.F.R. § 72.3.[6] Example 2 closely mirrors the facts before the Court.[7] Simply stating that the sex offender can be held criminally liable for failure to register does not provide constitutionally effective fair warning when that sex offender is arrested on the exact day that the rule is promulgated and is subject to drastically different penalties. The Attorney General gave no direction in the interim rule, and has yet to do so since the rule's promulgation, as to how much time a sex offender who falls under § 16913(d) and who moved prior to SORNA's enactment has to register once SORNA became applicable to him.

The interim rule made it clear that it was not foreclosing future rulemaking:

---

[6] Example 1 is not relevant to the case at hand:
> A sex offender is federally convicted of aggravated sexual abuse under 18 U.S.C. § 2241 in 1990 and is released following imprisonment in 2007. The sex offender is subject to the requirements of [SORNA] and could be held criminally liable under 18 U.S.C. § 2250 for failing to register or keep the registration current in any jurisdiction in which the sex offender resides, is an employee, or is a student.

72 Fed. Reg. 8894-01 (Feb. 28, 2007); 28 C.F.R. § 72.3.

[7] Example 2 further heightens the Court's belief that Defendant's registration is governed by § 16913(d).

8

> The purpose of this interim rule is not to address the full range of matters that are within the Attorney General's authority under section 113(d), much less to carry out the direction to the Attorney General in section 112(b) to issue guidelines and regulations to interpret and implement SORNA as a whole. The Attorney General will hereafter issue general guidelines to provide guidance and assistance to the states and other covered jurisdictions in implementing SORNA, as was done under the Wetterling Act, see 64 FR 572 (Jan. 5, 1999), and may also issue additional regulations as warranted.

72 Fed. Reg. 8894-01.[8]  SORNA not only delegates authority to the Attorney General to determine which sex offenders are covered, but also provides that the Attorney General has the duty to notify sex offenders of their registration requirements.  See 42 U.S.C. § 16917.[9]

The Court now turns to whether Defendant's arrest for failing to register under SORNA on the same day that the Attorney General specified that SORNA was applicable to him is consistent with the Due Process Clause.  The Due Process Clause of the Fifth Amendment provides that "No person shall . . . be deprived of life, liberty, or property, without due process of law . . . ."  U.S. Const. amend. V.

---

[8] A federal statute requiring states to create sex offender registries or face a ten percent reduction of certain federal grants has existed since 1994.  See Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration, 42 U.S.C. § 14071.

[9] Duty to notify sex offenders of registration requirements and to register
> (a) In general.  An appropriate official shall, shortly before release of the sex offender from custody, or, if the sex offender is not in custody, immediately after the sentencing of the sex offender, for the offense giving rise to the duty to register--
>> (1) inform the sex offender of the duties of a sex offender under this title and explain those duties;
>> (2) require the sex offender to read and sign a form stating that the duty to register has been explained and that the sex offender understands the registration requirement; and
>> (3) ensure that the sex offender is registered.
> (b) Notification of sex offenders who cannot comply with subsection (a).  The Attorney General shall prescribe rules for the notification of sex offenders who cannot be registered in accordance with subsection (a).

Id.  As with § 16913, the Court finds that Defendant qualifies for the Attorney General's delegated sections, as opposed to the congressional requirements set forth in subsection (a).

In Lambert v. California, 355 U.S. 225 (1958), the Supreme Court invalidated under the Due Process Clause Lambert's prosecution for failing to register as a felon with the city after residing in Los Angeles for more than five days pursuant to a municipal law.  Lambert had been living in Los Angeles for over seven years and at some unspecified time therein had been convicted of felony forgery.  Id. at 226.  The Court found that Lambert had no notice or knowledge of the statute even though she had been convicted in Los Angeles and the statute had been enacted in 1921.

> Engrained in our concept of due process is the requirement of notice. Notice is sometimes essential so that the citizen has the chance to defend charges. . . .  Notice is required in a myriad of situations where a penalty or forfeiture might be suffered for mere failure to act. . . . the principle is equally appropriate where a person, wholly passive and unaware of any wrongdoing, is brought to the bar of justice for condemnation in a criminal case.

Id. at 228.  Just as in Lambert, the failure to act leading to criminal penalty in this case is in the failure to register after crossing the border between two jurisdictions as required by a statute of which she was not aware.  This case is even more compelling that Lambert because SORNA was made applicable to Defendant the same day as his arrest.  This Court does not find persuasive the government's argument that because Defendant had notice of the state requirement, notice of SORNA's entirely different penalty sufficed.

The Supreme Court found the statute in Lambert, like SORNA, a means to compile the names and addresses of felons living in the area whose convictions were already a matter of public record in the jurisdiction where obtained.[10]  Id. at 229. Regardless of the desirability of the felon registration, the Court stated that Lambert, "on first becoming aware of her duty to register was given no opportunity to comply with the

---

[10] Of course, the statute in Lambert, was much broader in scope, covering all felons, whereas SORNA is aimed at identifying sex offenders alone.

10

law and avoid its penalty, even though her default was entirely innocent.  She could but suffer the consequences of the ordinance, namely, conviction with the imposition of heavy criminal penalties thereunder." Id.  Arresting Defendant on the day SORNA was made applicable to him without allowing him the opportunity to avoid its penalty by registering is the unfair and a violation of Defendant's due process rights.

The Due Process Clause also encompasses the notion of fair warning.  As explained by the Supreme Court in United States v. Lanier, 520 U.S. 259 (1997) the fair warning requirement is based on the principle "that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." Id. at 265.  Defendant cannot be said to have known that SORNA was applicable to him until the date of his arrest.  While he was aware that his conduct was proscribed under state law, he was unaware that it was proscribed under federal law with the result being stiffer penalties for the same behavior.  This Court rejects the position taken by the government and the court in Hinen that knowledge of the state law requiring registration is equivalent to knowledge of SORNA's requirements.  See supra p. 5; 42 U.S.C. § 16917; see also Hinen, 2007 WL 1447853 at *4.  The Constitutional mandate that defendants be given adequate notice and fair warning applies not only to what conduct is criminal but to the punishment which may be imposed.  Cf. United States v. Kilkenny, No. 05 Cr. 6847 (2d Cir. July 5, 2007).

CONCLUSION

The Court bases its ruling solely on these limited circumstances where Defendant was arrested on the exact date it became clear that SORNA would be applied to him.  The

Court renders no opinion as to how much time must be allowed a sex offender arrested after February 28, 2007 for the sex offender to register in compliance with SORNA. For the reasons set forth above, the Superseding Indictment is DISMISSED.

SO ORDERED.

Dated:     New York, New York
           July 23, 2007

           _____
                           U.S.D.J.